824 F.2d 638
 Robert E. McCURRY, et al., Appellees/Cross Appellants,
v.
Fred TESCH, in his official capacity as Sheriff of Cass
County, Nebraska and individually, et al.,
Appellants/Cross-Appellees.
 Nos. 86-1523, 86-1658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 11, 1987.
Decided July 23, 1987.
 
 Harold Mosher, Lincoln, Neb., for appellants/cross-appellees.
 Michael P. Farris, Washington, D.C., for appellees/cross-appellants.
 Before ARNOLD, Circuit Judge, WRIGHT,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 This case, which is now before us for the second time, is an action for damages arising out of an incident which occurred at the Faith Baptist Church of Louisville, Nebraska, on October 18, 1982. Shortly after six o'clock that morning, Sheriff Fred Tesch of Cass County, Nebraska, one of the defendants, arrived at the church and, with the assistance of other officers, physically removed about 85 people, including the plaintiffs here, from the church. At the time, the people involved were conducting a "prayer vigil," singing, preaching, reading the Bible, praying, and so forth. The underlying dispute concerned the operation by the church of an illegal school which had been ordered to close, but at the time no school children were present, and no classes were being held. The Sheriff claimed that his action was required by an order of the District Court of Cass County, Nebraska.
 
 
 2
 When the case was first before us, we held that the exercise of federal jurisdiction was appropriate, and that the order of the state court, set up by the defendants as justification for their action, did not authorize what was done. McCurry v. Tesch, 738 F.2d 271 (8th Cir.1984), cert. denied, 469 U.S. 1211, 105 S.Ct. 1180, 84 L.Ed.2d 328 (1985). We further held that the defendants' actions violated plaintiffs' First Amendment rights to the free exercise of religion and directed the District Court, on remand, to enter a declaratory judgment to that effect. We also directed the District Court to consider whether the defendants were qualifiedly immune from personal liability for damages because of their reasonable reliance on a tenable construction of the order of the state court that they purported to be enforcing.
 
 
 3
 On remand, the District Court[1] held an evidentiary hearing on the question of qualified immunity. Following the hearing, the District Court sustained this defense. McCurry v. Tesch, No. CV82-L-659 (D.Neb. Dec. 12, 1985). Both sides then moved for summary judgment, based on the evidence adduced at the qualified-immunity hearing, on the claim for declaratory relief. The District Court held for plaintiffs on this issue, McCurry v. Tesch, No. CV82-L-659 (D.Neb. March 25, 1986), and, later, awarded plaintiffs $34,731.46 in attorneys' fees and $4,421.27 in costs. Judgment was entered accordingly. McCurry v. Tesch, No. CV82-L-659 (D.Neb. April 21, 1986).
 
 
 4
 Both sides now appeal. Defendants claim that our previous decision upholding the exercise of federal jurisdiction was erroneous and should be overruled. Plaintiffs claim that it was error to sustain the defense of qualified immunity, and that the District Court abused its discretion in reducing their request for fees and costs, amounting to more than $67,000.00, to some $39,000.00. We affirm on all issues.
 
 I.
 
 5
 In the first place, we decline defendants' invitation to reexamine and overrule our holdings on the first appeal. Defendants claim essentially that we erroneously exercised some kind of supervisory or appellate jurisdiction over the Nebraska State courts. In fact, we did nothing of the kind. We simply interpreted the state court's order for the purpose of determining whether in fact it authorized the conduct engaged in by the defendant law-enforcement officers. In the course of this interpretation, we applied the canon that governmental commands, including both statutes and court orders, are to be interpreted, if possible, to avoid constitutional issues. We explained our view that the order of the state court was ambiguous, and that, in order to avoid having to decide whether it was invalid, it should prudently be interpreted not to authorize law-enforcement people to carry praying worshippers out of a church. The defendants, having set up the order of the state court as a defense, necessarily placed in issue the meaning of that order. In determining that issue, we did no more than decide the validity of the asserted defense.
 
 
 6
 In any event, the argument now made--that the federal courts lacked jurisdiction to decide what the state court's order meant--was fully urged, considered, and decided on the prior appeal, see, e.g., 738 F.2d at 274 n. 3, and our holding on that point, even if erroneous, is now the law of the case. To be sure, as defendants urge, the law-of-the-case doctrine is not inflexible. It can be varied to avoid egregiously wrong or unjust results. No such extreme situation is presented here.
 
 
 7
 Defendants also complain that our previous holding was based on findings of fact first made at the appellate level and wholly unsupported by proof in the record. Our opinion contains the following recitation of fact:
 
 
 8
 Shortly after 6:00 in the morning of October 18, 1982, the sheriff arrived at the church with fifteen carloads of deputies and state troopers. About 85 persons, including the plaintiffs here, were conducting a "prayer vigil," singing, preaching, reading the Bible, praying, and so forth, to protest the jailing of Mr. Sileven [pastor of the church] and the closing of the school. No school children were present, and no classes were being held. When the worshippers refused to leave, the law-enforcement officers picked them up, carried them out of the church, and padlocked the building.
 
 
 9
 738 F.2d at 273.
 
 
 10
 The trial court is the place for facts to be found. Appellate courts should not find the facts, nor should they, in the ordinary situation, refer to facts outside the record. The statement of facts just given was taken from the brief for plaintiffs-appellants on the first appeal, and the account in this brief was drawn in turn from an affidavit made by one of the plaintiffs, attached as an exhibit to a brief filed by the plaintiffs in the District Court in opposition to defendants' motion to dismiss their amended complaint. The case came up on the first appeal from the District Court's order granting defendants' motion to dismiss, as opposed to a ruling on motion for summary judgment, so ordinarily an affidavit, such as the one involved here, would not be relevant, nor would it be a proper source of factual information for an appellate court. In this case, however, the entire oral argument on the first appeal proceeded on the assumption, concurred in by all parties, that these facts were essentially true. In effect, there was a de facto stipulation as to the relevant facts. We therefore are sensible of no impropriety in including these facts in our opinion.
 
 
 11
 In any case, the District Court on remand gave both sides an opportunity to present proof on all relevant factual issues, including the history of the case recounted in our opinion. Having done so, the District Court found that our recitation was "essentially accurate," with certain immaterial exceptions. The District Court stated as follows:
 
 
 12
 The factual statement set out by the court of appeals ... now appears, from the evidence before me, to be essentially accurate, with three reservations:
 
 
 13
 (1) the number of law enforcement officers who accompanied the sheriff to the church. The testimony set the number at 10 or 12. "Fifteen carloads" is not accurate.
 
 
 14
 (2) The number of people in the church. "About 85" is not incorrect; it should not be taken as literally established, however. There can be no doubt that many people, approaching the number 100, and including many of the plaintiffs, were in the building....
 
 
 15
 (3) The activities of the people in the church when the officers arrived and removed them.... I think there was no doubt that at one time or another during the night the plaintiffs or some of them were singing, preaching, reading the Bible, and praying. At the time the officers arrived and picked up the persons in the church and removed them from the building, those persons were praying.
 
 
 16
 None of the reservations changes the conclusion as stated by the circuit court.
 
 
 17
 McCurry v. Tesch, No. CV82-L-659 (D.Neb. March 25, 1986), slip op. 4-5. So, if we were guilty of error in reciting the facts as we did on the first appeal, and, for reasons already given, we think that we were not, the error has now been cured by the trial court's findings of fact on remand. Defendants have had ample opportunity to develop the facts, and the facts found do not alter the legal conclusion that plaintiff's First Amendment rights were violated. The minor discrepancies between our earlier recitation of the facts and the District Court's findings on remand are immaterial to that conclusion.
 
 II.
 
 18
 We now turn to plaintiffs' appeal, and we reject their claim that the District Court erred in finding defendants Tesch, Shelbourne, and Syslo qualifiedly immune from damages. Plaintiffs primarily attack the Court's findings of fact, arguing that it placed undue weight on some evidence and too little on other evidence and that it drew incorrect inferences from the testimony. They also argue that the Court's legal conclusion--that a reasonable law-enforcement officer could have thought that carrying the plaintiffs out of the church was within the scope of the state court's injunction--was erroneous.
 
 
 19
 The District Court's findings of fact are not clearly erroneous. The most crucial finding of fact was whether the law-enforcement officers actually believed that the court order authorized them to carry praying people out of the church. The state judge who drafted the injunction testified that he did not intend the order to authorize such actions, and plaintiffs argue that the officers should be charged with this knowledge. We hold that, as a factual matter, the District Court did not clearly err in weighing the conflicting evidence and finding as it did.
 
 
 20
 The legal issue is closer. The District Court noted that, absent a court order, no reasonable law-enforcement officer would think that he could carry praying people out of a church without violating their First Amendment rights. The question becomes, then, whether a reasonable officer could interpret the court order here to authorize such conduct. The state-court injunction stated at some points that the church must be padlocked at all times other than weekends and Wednesday nights, but an earlier order had stated that the building must be locked at all times except Saturday, Sunday, and "such other times as the building shall be used for the holding of church services." McCurry v. Tesch, No. CV82-L-659 (D.Neb. Dec. 12, 1985), at 5-7. The officers here carried the plaintiffs out of the church at about 6:00 a.m. on a Monday morning, at a time when a church service was in progress. We agree with the District Court that the injunction was sufficiently ambiguous that a reasonable law-enforcement officer could have interpreted it to authorize what these defendants did.
 
 
 21
 On the prior appeal, applying a canon of interpretation familiar to courts, we resolved the ambiguity in favor of First Amendment rights and held that the order did not authorize what the officers did. That holding has resulted in a declaratory judgment in plaintiffs' favor. Now, the legal focus is different. The question is whether reasonable officers could have resolved the ambiguity the other way. We think they could. Law-enforcement officers should not, on pain of having to pay damages out of their own pockets, be required to anticipate how appellate judges will apply maxims of constitutional adjudication about which even those judges sometimes disagree. We agree, in this context, with the statement made by our Brother Fagg on the prior appeal: "[I]t would be unworkable for the officers to await interpretations from federal appellate judges rendered long after the orders were executed to learn whether they will be civilly liable for performing an assigned duty." 738 F.2d at 278 (dissenting opinion). Compare id. at 276 n. 4 (Court's opinion).
 
 
 22
 Finally, we turn to the award of attorneys' fees. The District Court discounted the fee award by one-third because plaintiffs obtained only a declaratory judgment and failed to win damages and an injunction. Plaintiffs claim this was an abuse of discretion, relying on City of Riverside v. Rivera, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), and Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
 
 
 23
 But neither of those cases held that district courts have no discretion to reduce fee awards for failure to obtain complete relief; indeed, the Court in Hensley held that district courts have wide discretion in deciding to reduce awards for this reason.
 
 
 24
 We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or the limited nature of the relief obtained, ... the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.
 
 
 25
 461 U.S. at 437, 103 S.Ct. at 1941 (emphasis ours); see also id. at 436 and 438 n. 14, 103 S.Ct. at 1941 and 1942 n. 14.
 
 
 26
 The District Court here fully complied with this imperative. It stated:
 
 
 27
 ... I now consider the matter of the relief obtained. The relief obtained was substantial, but much less than sought. I think that reduction of the fees by 33 1/3 percent would be reasonable,.... That amount is reasonable in relation to the results obtained.
 
 
 28
 McCurry v. Tesch, No. CV82-L-659 (D.Neb. April 21, 1986), at 5-6. We find no abuse of discretion in the reduction of this award.
 
 
 29
 Finding no error in the judgment of the District Court, we affirm.
 
 
 
 *
 The Hon. Eugene A. Wright, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 [1]
 The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska