**UNITED STATES of America, Appellee,**

v.

**Pedro SERPA, Appellant.**

**No. 89–2463NE.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1991.

Decided April 16, 1991.

---

**640**

Kirk E. Naylor, Jr., Lincoln, Neb., for appellant.

Bruce W. Gillan, Lincoln, Neb., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and RE, Chief Judge.*

PER CURIAM.

Pedro Serpa appeals the district court's order denying his 28 U.S.C. § 2255 motion for resentencing. We affirm.

After his conviction for conspiracy to possess with intent to distribute cocaine, Serpa convinced the district court to hold the sentencing guidelines unconstitutional. The district court then sentenced Serpa to fifteen years imprisonment. Following the Supreme Court's decision in *Mistretta v.*

United States, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (holding sentencing guidelines constitutional), this court reversed the district court's holding that the guidelines were unconstitutional, but affirmed Serpa's nonguidelines sentence. *United States v. Serpa,* No. 88–2427 (8th Cir. Mar. 1, 1989) (unpublished, per curiam opinion). Serpa sought no further review of that decision.

Serpa now collaterally attacks his sentence arguing that although he "convince[d] the [d]istrict [c]ourt to find that the sentencing guidelines should not be applied in his case," he received "a sentence [exceeding] the appropriate guidelines range" and thus should be resentenced within "the guidelines matrix." We disagree. This court affirmed Serpa's sentence in his earlier appeal, "and our holding on that point, even if erroneous, is now the law of the case." *McCurry v. Tesch,* 824 F.2d 638, 640 (8th Cir.1987). Because Serpa did not challenge his sentence in that appeal, or seek reconsideration of the decision, he cannot now collaterally attack that decision or his sentence in a section 2255 habeas action. *Cf. United States v. Samuelson,* 722 F.2d 425, 427 (8th Cir.1983) ("section 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be considered"). Although the law-of-the-case doctrine does not preclude us from reconsidering and correcting an erroneous decision, we will do so only to prevent a manifest injustice. *Little Earth of United Tribes, Inc. v. HUD,* 807 F.2d 1433, 1441 (8th Cir.1986). This case does not present that situation.

Accordingly, we affirm Serpa's sentence.

---

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.