19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry N. LEWIS, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4085.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Harry N. Lewis, Jr., a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a bench trial in 1991, Lewis was found guilty of one count of conspiracy with the intent to distribute cocaine and one count of possession with intent to distribute cocaine. He was sentenced to concurrent terms of eighty-four months of imprisonment. The sentence included a two point enhancement for use of a firearm. On appeal, Lewis challenged the two level enhancement of his sentence. This court affirmed the district court's judgment concluding that the argument was without merit. United States v. Lewis, Nos. 91-3530/3726, 1991 U.S.App. LEXIS 10022, at * 6 (6th Cir. Apr. 30, 1992), cert. denied, 113 S.Ct. 249 (1992).
 
 
 3
 Lewis then filed his motion to vacate his sentence contending that the evidence presented at trial was insufficient to support his conviction and that his counsel was ineffective. In his reply to the government's response, Lewis argued for the first time that the district court erred in determining the amount of drugs involved in the crime so as to establish the base level of his sentence. The district court denied the motion as meritless. On appeal, Lewis raises the base level of sentence and insufficient evidence arguments. He has moved for the appointment of counsel, oral argument, and an expedited briefing schedule.
 
 
 4
 Upon review, we affirm the district court's order because Lewis has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Lewis may not challenge the base level of his offense in a Sec. 2255 motion because such a challenge could have been addressed in his direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam); United States v. Serpa, 930 F.2d 639, 640 (8th Cir.1991) (per curiam). Failure to raise this issue in his direct appeal constitutes a waiver. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 6
 Lewis's insufficient evidence claim is also not cognizable under Sec. 2255. United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970). Finally, Lewis does not raise his ineffective counsel claim on appeal. Therefore, the issue is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.