_____

No. 95-2699
_____

United States of America,     *
     *
     Appellee,     *
     * Appeal from the United States
     v.     * District Court for the
     * District of Nebraska.
Pedro Serpa,     *
     * **[UNPUBLISHED]**
     Appellant.     *

_____

Submitted:  April 5, 1996

Filed:  April 9, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


Pedro Serpa, who previously pleaded guilty to a drug-conspiracy offense and received a fifteen-year sentence, brought this motion under 28 U.S.C. § 2255 to vacate his sentence, claiming that he had received ineffective assistance of counsel.  After appointing counsel and giving Serpa time to produce information supporting his claims, the district court[1] denied the motion.  Serpa appeals, and we affirm.

We review de novo the district court's denial of Serpa's section 2255 motion.  See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992).  Serpa claimed that counsel was ineffective for failing to advise him about the possibility of cooperating with

_____

[1]The HONORABLE WARREN K. URBOM, United States District Judge for the District of Nebraska.

the government, and for failing to consider the potential outcome of counsel's motion to hold the Sentencing Guidelines unconstitutional.[2]  In his brief on appeal, Serpa does not discuss these claims or point to any error in the court's order denying them.  Accordingly, we deem these claims abandoned.  See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985)

Rather, Serpa argues on appeal that counsel was ineffective because he failed to assess the evidence adequately and negotiate a proper plea agreement, and also failed to argue at sentencing for departures under U.S.S.G. §§ 3B1.2 and 5K2.0.  These ineffective-assistance claims, which were raised generally in Serpa's pro se brief in support of his section 2255 motion, fail because they are merely general and conclusory allegations.  See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Strickland v. Washington, 466 U.S. 668, 690, 694 (1984); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The district court held unconstitutional part of the Sentencing Reform Act, and severed that portion from the Act.  On direct appeal, we reversed the court's determination as to the Act's unconstitutionality, but affirmed Serpa's sentence.  United States v. Serpa, No. 88-2427, slip op. at 1-2 (8th Cir. Mar. 1, 1989) (unpublished per curiam).  We also affirmed the denial of Serpa's first section 2255 motion, in which he challenged his sentence.  United States v. Serpa, 930 F.2d 639, 640 (8th Cir. 1991) (per curiam).