United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 95-3870
_____

Thomas E. Freeman,                  *
                                    *
          Appellant,                *
                                    *
     v.                             *
                                    *  Appeal from the United States
Fred Jackson, Warden; John          *  District Court for the
Roccaforte, Lt.; Robert Bryant,     *  District of Nebraska.
Lt.; John Hubbard; Charles Kelly,   *
Capt.; Doug Squires, Sgt.; Jeff     *      [UNPUBLISHED]
Lickci; Ronnie Welch; Charles       *
Herdon; Michael Hoch; John          *
Swanson,                            *
                                    *
          Appellees.                *

_____

Submitted:  February 6, 1997

     Filed:  February 14, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.


     Thomas F. Freeman, a Nebraska inmate, filed a 42 U.S.C. § 1983 action against two police officers and numerous employees of the Douglas County Correctional Center, claiming that they violated his constitutional rights by executing a state court order to obtain blood and saliva samples which was not supported by probable cause; subjecting him to excessive force; and refusing to show him a copy of the order, or allow him to speak with his attorney.  Freeman claimed that instead of forcibly drawing his blood, defendants should have pursued the explicit contempt penalty provided in the

order.  The district court[1] granted defendants' motions for summary judgment based on qualified immunity.  After de novo review, we affirm.  See Demming v. Housing and Redev. Auth., 66 F.3d 950, 953 (8th Cir. 1995) (standard of review).

Freeman did not have a right to consult with counsel prior to giving the sample, see Schmerber v. California, 384 U.S. 757, 765-66 (1966) (blood test, which entails virtually no risks, trauma, or pain for most people, does not involve right to counsel); South Dakota v. Neville, 459 U.S. 553, 559 n.8 (1983) (Schmerber rejected arguments that coerced blood tests violated right to counsel and the prohibition against unreasonable searches and seizures), and did not rebut defendants' evidence that he had access to his attorney during the subsequent five days he spent in lockdown.

We agree with the district court that defendants' interpretation of the order--as allowing them to physically restrain Freeman to obtain a blood sample--was reasonable, thus entitling them to qualified immunity.  The order authorized "any detention which may be necessary."  Cf. McCurry v. Tesch, 824 F.2d 638, 642 (8th Cir. 1987) (officers protected by qualified immunity for carrying praying church goers out of church on Monday morning; action was result of reasonable interpretation of two court orders).  Freeman's argument that defendants' only recourse for his failure to voluntarily comply with the order was criminal contempt is meritless.

As a pretrial detainee, Freeman's excessive-force claim is properly analyzed under the due process clause of the Fourteenth Amendment.  See Graham v. Conner, 490 U.S. 386, 395 & n.10 (1989) (due process clause protects pretrial detainee from force amounting

The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

-3-

to punishment).  We agree with the district court's determination that Freeman's due process rights were not violated: defendants acted in good faith reliance on a court order, and the force used was reasonable and did not exceed the force necessary given defendants' unrebutted evidence that Freeman poured soap on his cell floor to make it slippery, put up a struggle, previously thwarted an attempt to take blood by slitting his wrists, and refused to cooperate.  Cf. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (due process clause inquiry includes determinations of whether officers acted in good faith or maliciously and sadistically, and whether force used exceeded force needed).

Finally, we conclude the police officers reasonably believed the order authorizing them to obtain the sample was supported by probable cause: the supporting affidavit indicated that Freeman fit the description of a man suspected in fourteen sexual and attempted sexual assaults, that Freeman owned a car matching the description of the suspect's car, that he had been identified in a lineup as the perpetrator of one of the assaults, that his fingerprints had been discovered at the scene of one of the attempted assaults, that all of the attempts and assaults shared a common modus operandi, and that, as part of his job, he had prior contact with one of the victims.  See Thompson v. Reuting, 968 F.2d 756, 760 (8th Cir. 1992) (police officers entitled to qualified immunity in § 1983 case if they had objectively reasonable belief affidavit established probable cause);  cf. United States v. Martin, 28 F.3d 742, 744 (8th Cir. 1994) (probable cause found for arrest warrant where suspect matched description given by victim, and owned van seen near crime scene).

Accordingly, we affirm.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.