**UNITED STATES of America, Appellee,**

v.

**Freddie Lee THOMAS, Appellant.**

**No. 92–2112.**

United States Court of Appeals, Eighth Circuit.

Submitted August 31, 1993.

Decided March 8, 1994.

---

Lee Lawless, Asst. Federal Public Defender, St. Louis, MO, argued, for appellant.

Joseph M. Landolt, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, JOHN R. GIBSON,* Senior Circuit Judge, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

In this case, we are asked to decide whether a district court may consider a constitutionally valid but uncounseled prior misdemeanor conviction when it determines a defendant's sentence for a subsequent conviction under the United States Sentencing Guidelines. We hold that a district court may do so consistent with the Sixth Amendment right to counsel.

## I.

Freddie Lee Thomas was convicted by a jury of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The one-count indictment charged that Thomas knowingly possessed a firearm which had been transported in interstate commerce and that Thomas had previously been convicted of burglary in the second degree and of robbery in the second degree.

After Thomas's conviction, a probation officer prepared a Presentence Report (PSR). In computing Thomas's criminal history category, the probation officer scored several prior convictions he had acquired, including a misdemeanor charge for carrying a concealed weapon, a charge to which Thomas had pleaded guilty on August 7, 1985, and for which he had paid a $20 fine. *See* University City (Mo.) Ord. § 23–36. Thomas objected to that part of the PSR, stating that he was not represented by counsel in connection with that misdemeanor conviction. The misdemeanor conviction added one criminal history point to Thomas's criminal history score. Based on the information in the PSR, the district court[1] determined that Thomas's offense level was 12 and that his criminal history score was 12, resulting in a criminal history category of V. Because criminal history

category V is reserved for those defendants with a criminal history score of 10, 11, or 12 points, the inclusion of the one point for the misdemeanor conviction did not affect the determination of Thomas's Guidelines range. He would have fallen in criminal history category V whether that conviction was scored or not. As a result, Thomas's Sentencing Guidelines range was 27–33 months. *See* U.S.S.G. Ch. 5, Pt. A (sentencing table). The district court sentenced Thomas to a 33–month term of imprisonment, to be followed by a two-year term of supervised release, and ordered him to pay a special assessment in the amount of $50.00. On appeal, Thomas challenges only his sentence.

A three-judge panel of this court initially affirmed the district court's sentence in a two-to-one decision. *See United States v. Thomas,* No. 92–2112, 1993 WL 105111 (8th Cir. Apr. 7, 1993) (unpublished), *vacated,* (8th Cir. May 20, 1993) (unpublished order). After Thomas sought rehearing en banc, the court granted rehearing en banc and vacated the panel's opinion. Because the panel's opinion has not been published in the *Federal Reporter,* we have appended a copy to this opinion.

Upon rehearing en banc by all active judges, we affirm the sentence imposed by the district court and hold that a district court may consider an otherwise constitutionally valid prior uncounseled misdemeanor conviction when determining a sentence for a defendant for a subsequent conviction under the Sentencing Guidelines.

## II.

The government argues that Thomas's sentence is not reviewable because the inclusion of the prior uncounseled misdemeanor conviction did not affect Thomas's Guidelines range. Our jurisdiction over this appeal is defined by statute:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

---

* The Honorable John R. Gibson was an active judge of this court at the time this case was submitted and took senior status on January 1, 1994, before this opinion was filed.

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range ...; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). Subsections (a)(3) and (a)(4) plainly do not apply, and subsection (a)(2) does not apply because Thomas does not allege an incorrect application of the Guidelines.[2] Rather, Thomas alleges that he was sentenced in violation of the Constitution. Thus, we reinstate part II of the panel's opinion, *see infra* at App. 827–28, and conclude that we have jurisdiction to review Thomas's sentence.

### III.

Although Thomas concedes that his prior uncounseled misdemeanor conviction is itself constitutionally valid and does not collaterally attack it, he argues that his present 33–month sentence is invalid because the sentencing court included the constitutionally valid but uncounseled misdemeanor conviction when calculating his criminal history category. Thomas also concedes that even if the sentencing court had not included the valid but uncounseled misdemeanor, his criminal history score would be an 11 and his criminal history category would have remained at V, resulting in the same 27– to 33–month range. The implication is, however, that if the sentencing court had not considered the uncounseled misdemeanor, Thomas may have received a sentence that was not at the top of the 27– to 33–month Guidelines range. The government urges us to affirm the district court.

### A.

■ Before we address Thomas's argument, we will pause to consider whether addressing it is necessary. "Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision." *Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 2997, 86 L.Ed.2d 664 (1985); *see also Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 345–48, 56 S.Ct. 466, 482–83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). *Cf. McCurry v. Tesch*, 824 F.2d 638, 640 (8th Cir.1987) ("statutes and court orders [should be] interpreted, if possible, to avoid constitutional issues"). Thus, we will first ask whether the district court in fact sentenced Thomas in reliance on his uncounseled misdemeanor conviction. We will do so under the assumption that Thomas has a right to a sentence that is not based on that conviction. If the district court did not impose a sentence that violates the right we assume to exist, we need not decide whether the right actually exists.

Thomas argues that the district court violated his Sixth Amendment right to counsel because the district court considered his prior uncounseled misdemeanor conviction when it imposed sentence. *See United States v. Norquay*, 987 F.2d 475, 482 (8th Cir.1993).

Thomas's prior uncounseled misdemeanor conviction was described in paragraphs 12–14 of the PSR. The district court overruled Thomas's objections to these paragraphs on the ground that U.S.S.G. § 4A1.2, comment. (backg'd.), expressly provides that uncounseled misdemeanor convictions for which no imprisonment was imposed should be included in the criminal history score. (Tr. at 133–34.) Furthermore, in an addendum to the PSR, the probation officer noted that a departure was warranted for the reason that Thomas was only one criminal history point away from the next highest criminal history category. The district judge sustained in

---

**2.** Under the Guidelines, a district court may consider "uncounseled misdemeanor sentences where imprisonment was not imposed." *See* U.S.S.G. § 4A1.2, comment. (backg'd.). The district court properly applied this section of the Guidelines. Furthermore, a district court imposing a sentence within the Guidelines range need not state reasons for a particular sentence so

long as the width of the guideline range (i.e., the difference between the high and low ends of the range) is not greater than 24 months. *See* 18 U.S.C. § 3553(c)(1). Because the sentencing range in this case was only six months wide, Thomas cannot allege that the district court erred simply by failing to state reasons for its sentence.

part Thomas's objections to the PSR's addendum by stating that he would not depart. (Tr. at 139.)

Because Thomas's prior uncounseled misdemeanor conviction was before the district court when it imposed sentence, and because we find no indication that the district court did not consider it, we must conclude that Thomas's sentence is based in part on his prior uncounseled misdemeanor conviction. If Thomas has a right to a sentence that is not based on his prior uncounseled misdemeanor conviction, then he was sentenced in violation of law.

We will proceed to address Thomas's argument that he has a right to a sentence that is not based on his valid but uncounseled prior misdemeanor conviction.

### B.

Thomas's argument is based on the Sixth Amendment to the Constitution. "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense." U.S. Const. amend. VI. Before 1972, the Supreme Court had enforced the right to counsel in cases where defendants were convicted of felonies. *See, e.g., Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). However, in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court applied the right to counsel to a misdemeanor case where the defendant was convicted of carrying a concealed weapon and was sentenced to 90 days in prison. The Court stated, "no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Id.* at 37, 92 S.Ct. at 2012. The Court further stated,

> Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.

*Id.* at 40, 92 S.Ct. at 2014. In *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Supreme Court made clear that a defendant is not entitled to counsel merely because the criminal charge he faces authorizes imprisonment. Rather, the right to counsel applies only when the defendant actually is sentenced to prison. *Id.* at 373–74, 99 S.Ct. at 1162 (stating that *Argersinger* "warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel").

In *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam), the Supreme Court reversed the conviction of a defendant who was convicted of felony theft and sentenced to a prison term of one to three years. Baldasar's theft would have been a misdemeanor punishable by not more than one year of imprisonment had it not been his second theft offense. His prior theft conviction was a statutory element of the second offense itself, as opposed to being only a sentencing factor, and it was introduced in evidence for the jury's determination as to whether he was guilty of second-offense theft. Baldasar's first conviction was uncounseled but was constitutionally valid under *Scott* because he had not been sentenced to prison for it. The *Baldasar* Court framed the issue as whether a prior uncounseled misdemeanor conviction that is constitutionally valid "may be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term." *Id.* at 222, 100 S.Ct. at 1585. The Court concluded that Baldasar's uncounseled misdemeanor theft conviction could not be used to convert his subsequent theft (which would otherwise have been a misdemeanor) into a felony. *Id.* at 224, 100 S.Ct. at 1586.

*Baldasar*'s precise holding is elusive because the five-justice majority did not unite behind a common rationale. The relatively short per curiam opinion simply recites the factual and procedural background of the case and then announces, "For the reasons stated in the concurring opinions, the judgment is reversed...." *Id.* at 224, 100 S.Ct. at 1586. The five justices who comprised the

majority issued three concurring opinions. Justice Stewart, joined by Justices Brennan and Stevens, issued a three-sentence concurring opinion. Justice Stewart reasoned that Baldasar's imprisonment was inconsistent with *Scott* because Baldasar was imprisoned only because he had been convicted in a prior proceeding in which he did not have the benefit of counsel. *Id.* at 224, 100 S.Ct. at 1586 (Stewart, J., concurring). Justice Marshall, also joined by Justices Brennan and Stevens, issued the longest of the three concurring opinions. After stating that he believed *Scott* was wrongly decided, he reasoned that, assuming *Scott* to be governing law, Baldasar's uncounseled · prior misdemeanor conviction "could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction." *Id.* at 225–26, 100 S.Ct. at 1587 (Marshall, J., concurring). Finally, Justice Blackmun issued a concurring opinion stating that Baldasar's prior misdemeanor conviction would be unconstitutional under the rule that he proposed in his dissenting opinion in *Scott.·* Justice Blackmun reasoned that Baldasar's prior uncounseled misdemeanor could not be used for any purpose because he believed that it was itself unconstitutional. *Id.* at 229–30, 100 S.Ct. at 1589 (Blackmun, J., concurring). Thus, while five justices voted to reverse Baldasar's conviction, they did so for different reasons.[3]

Because of these divergent views, the courts of appeals have struggled to decipher *Baldasar*'s rule. For example, the Seventh Circuit has stated that *Baldasar* "provides little guidance outside of the precise factual context in which it arose." *Schindler v. Clerk of Circuit Court,* 715 F.2d 341, 345 (7th Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1419, 79 L.Ed.2d 745 (1984). Likewise, the Eleventh Circuit has stated that "the Supreme Court divided its votes in such a way that no clear rule is apparent." *McCul-*

*lough v. Singletary,* 967 F.2d 530, 533 (11th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1423, 122 L.Ed.2d 792 (1993). In slight contrast, the Tenth Circuit has stated that "the holding in *Baldasar* is Justice Blackmun's rationale that an *in*valid uncounseled conviction cannot be used to enhance a subsequent conviction." *Santillanes v. United States Parole Comm'n,* 754 F.2d 887, 889 (10th Cir.1985) (emphasis added).

In the same context as this case, the Fifth Circuit has stated that *Baldasar* should be "limited to its particular factual scenario: 'a prior uncounseled misdemeanor conviction may not [be] used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term.'" *United States v. Eckford,* 910 F.2d ·216, 220 (5th Cir.1990) (quoting *Wilson v. Estelle,* 625 F.2d 1158 (5th Cir. Unit A 1980), *cert. denied,* 451 U.S. 912, 101 S.Ct. 1985, 68 L.Ed.2d 302 (1981)). The *Eckford* court thus affirmed a sentence imposed after the district court assessed the defendant two criminal history points for two uncounseled misdemeanor convictions. *Id.* at 217–18, 220.

Most circuit courts that have addressed this issue have followed *Eckford. See United States v. Falesbork,* 5 F.3d 715, 717–19 (4th Cir.1993); *United States v. Nichols,* 979 F.2d 402, 415–18 (6th Cir.1992), *cert. granted,* —— U.S. ·——, 114 S.Ct. 39, 125 L.Ed.2d 788 (1993); *United States v. Castro–Vega,* 945 F.2d 496, 499–500 (2d Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993); *see also United States v. Burroughs,* 5 F.3d 192, 194 (6th Cir.1993) (holding that valid prior misdemeanor conviction may be used, consistent with *Baldasar,* to enhance Guidelines-based sentence because it "does not change the nature of the charge from a misdemeanor to a felony"). The Ninth Circuit, however, has applied *Baldasar* to prohibit upward departures from a Guidelines range if the departure is based on

---

3. The Supreme Court has not yet revisited *Baldasar* in any meaningful way since it was decided. The most revealing restatement of *Baldasar*'s rule is enclosed within parentheses within a citation within a footnote; it says that a "court may not constitutionally use prior uncounseled misdemeanor conviction collaterally to enhance a subsequent misdemeanor to a felony with an enhanced term of imprisonment." *United States v. Mendoza–Lopez,* 481 U.S. 828, 841 n. 18, 107

S.Ct. 2148, 2156 n. 18, 95 L.Ed.2d 772 (1987). We note, however, that *Baldasar* and the issue before us are the subject of a case presently pending before the Supreme Court. *See Nichols v. United States,* —— U.S. ——, 114 S.Ct. 39, 125 L.Ed.2d 788 (1993) (granting petition for writ of certiorari). We file this opinion today so that Thomas's appeal can be decided before it becomes moot.

a prior uncounseled misdemeanor conviction. That court held, "any term of imprisonment imposed on the basis of an uncounseled conviction where the defendant did not waive counsel violates the Sixth Amendment under *Baldasar*." *United States v. Brady*, 928 F.2d 844, 854 (9th Cir.1991). Likewise, in *Norquay*, a panel of this court followed *Brady* and held that prior uncounseled misdemeanor convictions may not, consistent with *Baldasar*, be a basis for an upward departure from the Guidelines range. *Norquay*, 987 F.2d at 482.

While the case before us does not involve a departure from the Guidelines range that everyone concedes was correctly determined with or without consideration of Thomas's prior conviction, we now believe that *Norquay* misconstrued *Baldasar*. *Norquay* unjustifiably extended *Baldasar* to guard against any incremental increase in a defendant's sentence based on a prior uncounseled misdemeanor conviction. Although some support for such a rule might be found in Justice Stewart's and Justice Marshall's concurring opinions, which speak in terms of an "increased term of imprisonment," *see Baldasar*, 446 U.S. at 224, 100 S.Ct. at 1586 (Stewart, J., concurring); *id.* at 226, 100 S.Ct. at 1587 (Marshall, J., concurring), the five-justice majority agreed on much less than that. Justice Blackmun voted to reverse only because he believed that Baldasar's prior misdemeanor conviction was invalid and unconstitutional *ab initio;* he did not join either Justice Stewart's or Justice Marshall's concurring opinion. Thus, no more than four justices, if any, approved a rule that might be construed to prohibit any incremental increase in punishment on the basis of a prior uncounseled misdemeanor.[4]

■ We believe that *Baldasar* prevents a constitutionally valid but uncounseled prior misdemeanor conviction from being used in a subsequent sentencing proceeding to imprison a defendant when he would not otherwise be confined. We further are of the view that *Baldasar* has no application in a case (as here) where the prior uncounseled conviction played no part in determining the defendant's guilt of the subsequent offense, and where (as here) a sentence to imprisonment is already required to be imposed for the subsequent offense without regard to the prior conviction, and where (as here) the court is faced only with determining the length of the imprisonment already authorized by the statute for the subsequent offense. Stated another way, under *Baldasar*, one cannot be sent *to* jail because of a prior uncounseled misdemeanor conviction, either upon the initial conviction or because of the conviction's later use in a subsequent sentencing, but if the subsequent sentence to imprisonment is already required as a consequence of the subsequent crime, the prior conviction may be used as a factor to determine its length. It must be remembered that the "increased term of imprisonment" that the justices were concerned about in *Baldasar* was the one that resulted from the statutory conversion of the second theft offense from a misdemeanor to a felony with a tripling of the imprisonment because of the very existence of the prior uncounseled misdemeanor. Such is not the case here. Thomas's offense was a felony to begin with, and it remained a felony even when the prior conviction was scored for criminal history purposes.

■ Our present reading of *Baldasar* is consistent with *Baldasar*'s lineage. The four opinions comprising the majority in *Baldasar* rely exclusively on *Gideon v. Wainwright, Argersinger v. Hamlin*, and *Scott v. Illinois*. This line of cases ensures that a defendant will not be convicted and imprisoned without the assistance of counsel. A

---

4. Although *Baldasar*'s per curiam opinion has full force, it expressly refers to the reasoning of the concurring opinions. Interpretive rules that apply to cases decided by plurality opinions help us in this situation. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds....'" *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n. 15, 96 S.Ct. 2909, 2923 n. 15, 49 L.Ed.2d 859 (1976) (plurality opinion)). The narrowest grounds on which a majority of *Baldasar*'s concurring justices agree cannot be found in the concurring opinions of Justice Stewart and Justice Marshall. *See Eckford*, 910 F.2d at 219 n. 8 (using *Marks* to interpret *Baldasar);* *Santillanes*, 754 F.2d at 889 (same); *Schindler*, 715 F.2d at 344 n. 5 (same).

defendant who faces the prospect of being put in prison because he has a prior misdemeanor conviction will be protected from imprisonment by *Baldasar* unless (1) he is represented by counsel in the present proceeding *and* (2) he was represented by counsel in the prior proceeding. *Baldasar* thus represents a modest and sensible extension of *Scott.*

Circuit court opinions that have construed *Baldasar* to prohibit any incremental increases in imprisonment rely on *United States v. Tucker,* 404 U.S. 443, 447–49, 92 S.Ct. 589, 591–93, 30 L.Ed.2d 592 (1972) (holding that sentence based in part on invalid uncounseled misdemeanor convictions violates Sixth Amendment). *See Norquay,* 987 F.2d at 482; *Brady,* 928 F.2d at 854. Although *Tucker* was decided prior to *Baldasar,* the various opinions of the *Baldasar* majority did not cite *Tucker* at all. This omission is natural when one considers that *Baldasar* and *Tucker* addressed different concerns that arose at different phases of those criminal trials and when one considers that *Tucker* involved a constitutionally invalid prior conviction. The *Baldasar* Court focussed on the guilt phase to ensure that the defendant was not convicted of an offense that required imprisonment because of his prior uncounseled (but valid) misdemeanor conviction. In contrast, the *Tucker* Court focussed on the sentencing phase to ensure that the defendant, who already was subject to some imprisonment, was not imprisoned longer because of his *in*valid prior misdemeanor conviction.[5] To link *Baldasar* and *Tucker,* as the Ninth Circuit did in *Brady* and our panel did in *Norquay,* is to create a new doctrine that contradicts *Baldasar*'s per curiam opinion.

We thus join the Fifth, Second, Sixth, and Fourth Circuits, which have construed *Baldasar* narrowly. We therefore conclude that

Thomas's constitutionally valid but uncounseled prior misdemeanor conviction was correctly used to determine his sentence in this case. Accordingly, we affirm the judgment of the district court.

LOKEN, Circuit Judge, concurring.

I believe that the court has correctly applied the fractured Supreme Court opinions in *Baldasar v. Illinois* to the issues raised in this case, and therefore I concur.

However, if one looks at the constitutional issue outside the four corners of *Baldasar,* as Judge Morris Arnold does near the end of his dissent, then I think the issue becomes the extent to which the Sixth Amendment limits a legislature's power to restrict collateral attacks on prior convictions or sentences. *See generally Parke v. Raley,* —— U.S. ——, ——, 113 S.Ct. 517, 522, 121 L.Ed.2d 391 (1992); *United States v. Elliott,* 992 F.2d 853 (8th Cir.1993). Viewed from that perspective, I conclude that the Sentencing Commission did not exceed Congress's constitutional authority in promulgating the background commentary to U.S.S.G. § 4A1.2. Therefore, were it necessary to reach the question, I would hold that a sentencing court calculating a defendant's criminal history score under the Guidelines is required to follow that background commentary in deciding whether to count a prior, uncounseled misdemeanor conviction.

MORRIS SHEPPARD ARNOLD, Circuit Judge, with whom RICHARD S. ARNOLD, Chief Judge, and McMILLIAN and BEAM, Circuit Judges, join, dissenting.

I respectfully dissent from the judgment of the court.

When this case was originally argued, the government's sole argument on appeal was that this court did not have jurisdiction to consider it. I agree entirely with the court

---

5. Defendants also may receive some protection at the guilt phase of a criminal proceeding from *in*valid prior convictions. *Compare Lewis v. United States,* 445 U.S. 55, 65–68, 100 S.Ct. 915, 920–22, 63 L.Ed.2d 198 (1980) (holding that invalid prior felony conviction may be used, consistent with Due Process Clause, to support conviction in subsequent proceeding), *with Burgett v. Texas,* 389 U.S. 109, 114–15, 88 S.Ct. 258, 261–62, 19 L.Ed.2d 319 (1967) (holding that invalid prior conviction may not be used, consistent with

Sixth Amendment, to support either conviction or sentence in subsequent proceeding). Again, *Baldasar* cited neither of these cases. However, *Burgett* has been used in an attempt to extend *Baldasar* to the sentencing phase of a criminal proceeding. *See Nichols,* 979 F.2d at 406–07 (Jones, J., dissenting in part). We reject the reasoning of the *Nichols* dissent on the ground that *Burgett* also seeks to prevent the collateral use of *in*valid prior convictions.

that this argument is meritless. The statute provides an appeal for a sentence imposed "in violation of law," 18 U.S.C. § 3742(a)(1), and the defendant's argument here is that the district court relied on facts in sentencing him that were barred from consideration by the Sixth Amendment of the Constitution. It has to be plain that if the defendant is correct about his Sixth Amendment claim, and if the district judge would have imposed a different sentence absent the unconstitutional matter, then his sentence was imposed "in violation of law."

In my opinion, defendant's Sixth Amendment argument does indeed have merit. *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), held that an uncounseled misdemeanor conviction cannot be used as a basis for a conviction of a felony that carries a prison term. Because the case did not produce an opinion in which a majority of the Court joined, considerable ingenuity has been employed in avoiding what seems to me its manifest purport, namely, that no incremental deprivation of liberty can be predicated on the fact of an uncounseled misdemeanor conviction. *See, e.g., United States v. Nichols,* 979 F.2d 402 (6th Cir. 1992), and *United States v. Castro–Vega,* 945 F.2d 496 (2d Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993). I agree with Judge Jones, dissenting in *Nichols,* 979 F.2d at 408, that it is impossible to discern any "logical or principled basis upon which to distinguish *Baldasar* " from the present case. It is "a distinction without a constitutional difference" that the increased sentence in *Baldasar* resulted from "an enhanced penalty statute that converted defendant's misdemeanor into a felony, while the instant case arises under the criminal-history provision of the sentencing guidelines." *Id.* In *United States v. Brady,* 928 F.2d 844, 854 (9th Cir.1991), the court agreed, as I do, with Justice Marshall's concurring opinion in *Baldasar,* "that an 'uncounseled misdemeanor conviction [may] not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction,'" quoting *Baldasar,* 446 U.S. at 226, 100 S.Ct. at 1587. To the same effect, *see United States v. Williams,* 891 F.2d 212, 214 (9th Cir.1989), *cert. denied,* 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990).

I respectfully disagree with the court's assertion that "*Baldasar's* precise holding is elusive." Five of the justices who considered that case agreed that a person may not have a prison term enhanced on the basis of an uncounseled misdemeanor. Justice Stewart (joined by Justices Brennan and Stevens) wrote that the sentence was illegal because petitioner "was sentenced to an increased term of imprisonment *only* because he had been convicted in a previous prosecution in which he had *not* had the assistance of appointed counsel in his defense." *Baldasar,* 446 U.S. at 224, 100 S.Ct. at 1586. Justice Marshall (also joined by Justices Brennan and Stevens) wrote that the sentence should be reversed because a "prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction." *Id.* at 226, 100 S.Ct. at 1587. Justice Blackmun concurred on the ground that since petitioner "was not represented by an attorney, that conviction ... is invalid and may not be used to support an enhancement." *Id.* at 230, 100 S.Ct. at 1589. These opinions, taken together, therefore establish that a majority of the Supreme Court has adopted the principle that uncounseled convictions cannot serve as a basis for an incremental deprivation of liberty. The fact that the justices created that principle from different material is of no consequence so far as the principle itself is concerned.

Even if I have not correctly parsed the *Baldasar* opinions, it does not follow that the court has resolved this case correctly. *Baldasar,* at a minimum, certainly does not *require* the result reached here. We are in some danger of forgetting that at the bottom of this case lies the Sixth Amendment and its right to counsel: simply put, the issue is whether a person may be constitutionally deprived of his liberty in this country without having a lawyer. I had thought that the answer to this question was plain enough.

It is true that we have held that a consideration of an erroneous matter in connection with a sentence is harmless if, as is the case here, the error does not affect the guideline range employed by the sentencing court. *See, e.g., U.S. v. Manuel,* 944 F.2d 414, 417 (8th Cir.1992). But this line of cases can

claim no continued validity in light of the Supreme Court's decision in *Williams v. United States*, —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). In that case, the Court ruled that if a district court employed both valid and invalid matter in departing from the guidelines, the court of appeals often must remand the case in order to determine whether the district court would have imposed the same sentence absent the offending facts. The opinion contains instructive language relevant to our case. A remand was necessary, the Court said, "unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e., that the error did not affect the district court's selection of the sentence imposed.*" *Id.* at —— — ——, 112 S.Ct. at 1120–21 (emphasis supplied). In my view, *Williams* has therefore undermined our previously announced version of harmless error in sentencing matters.

Because we cannot tell if this sentence was in violation of law unless the district court tells us what it would have done if the uncounseled conviction had not been employed in its calculus, I believe that a remand is necessary. *See* 18 U.S.C. § 3742(f)(1).

APPENDIX

United States Court of Appeals

For The Eighth Circuit

No. 92–2112

United States of America,

Appellee,

v.

Freddie Lee Thomas,

Appellant.

Appeal from the United States

District Court for the

Eastern District of Missouri.

Submitted: December 18, 1992

Filed: April 7, 1993

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the East-

HANSEN, Circuit Judge.

Freddie Lee Thomas was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Thomas to a 33–month term of imprisonment to be followed by a two-year term of supervised release and ordered him to pay a special assessment in the amount of $50.00. On appeal, Thomas challenges only his sentence. We affirm.

I.

Thomas was convicted of being a felon in possession of a firearm. The one-count indictment charged that Thomas knowingly possessed a firearm which had been transported in interstate commerce and that Thomas had previously been convicted, on two separate occasions, of burglary in the second degree. *See* 18 U.S.C. § 922(g)(1). After Thomas's conviction, the probation officer prepared a Presentence Report (PSR). In computing Thomas's criminal history category, the probation officer scored several prior convictions he had acquired, including a state misdemeanor charge for carrying a concealed weapon to which Thomas had pleaded guilty and for which he had paid a $20.00 fine. Thomas was not represented by counsel in connection with this particular misdemeanor conviction. The inclusion of the misdemeanor conviction added one criminal history point to Thomas's criminal history score.

Based on the information in the PSR, the district court determined that Thomas's offense level was 12 and that his criminal history score was 12 resulting in a criminal history category of V. U.S.S.G. Chapter 5, Part A, Sentencing Table provides that criminal history category V is reserved for those defendants with 10, 11, or 12 criminal history points. *See* U.S.S.G. Ch. 5, Pt. A, comment. (n. 3). As a result, Thomas's applicable sentencing guideline range was 27–33 months. Thomas argues that his 33–month sentence is invalid because the sentencing court included the uncounseled misdemeanor conviction

ern District of Missouri.

when calculating his criminal history category. Thomas concedes that even had the sentencing court not included the uncounseled misdemeanor, his criminal history score would be an 11 and his criminal history category would have remained at V, resulting in the same 27–33 month range. The implication is, however, that had the sentencing court not considered the uncounseled misdemeanor, Thomas may have received a sentence that was not at the top of the 27–33 month guideline range.

The government takes the position that Thomas's sentence is nonreviewable. According to the government, even if the district court erroneously included the uncounseled misdemeanor conviction for sentencing purposes, the decision to impose a sentence at the high end of the applicable range was entirely within the discretion of the sentencing judge. Our first task, therefore, is to determine whether Thomas's sentence, which falls within the presumptively correct guideline range that both parties agree is applicable to his offense, is subject to appellate review.

## II.

Pursuant to 18 U.S.C. § 3742(a), appellate review of a sentence imposed in accordance with the sentencing guidelines is limited.[2] Indeed, " '[a] sentence imposed within the applicable guidelines range is reviewable only if it is imposed in violation of the law or as a result of an incorrect application of the guidelines.' " *United States v. Gordon,* 974 F.2d 97, 100 (8th Cir.1992) (citing *United States v. Onwuemene,* 933 F.2d 650, 651 (8th Cir.1991)). *See also United States v. Woodrum,* 959 F.2d 100 (8th Cir.1992) (per curiam) (appellate court lacks jurisdiction to consider appeal of a sentence imposed at the top of the applicable guideline range when the defendant does not argue the sentence was imposed in violation of law or as a result

of an incorrect application of the Guidelines). Thomas asserts that inclusion of an uncounseled misdemeanor conviction in his criminal history score violates his rights under the Sixth Amendment and thus his sentence was imposed in violation of law. As a result, Thomas presents the court with a situation in which we must examine the merits of his claim on appeal before we are able to determine whether we have jurisdiction to review his sentence. *See United States v. Garcia,* 919 F.2d 1478, 1480 (10th Cir.1990) ("When a defendant alleges that a sentence within the Guidelines was imposed in violation of law or as a result of an incorrect application of the Guidelines, he has invoked, prima facie, our authority to review the appeal.").

The government urges us not to proceed even this far in Thomas's appeal. The government asserts that, because Thomas would have been assigned the same criminal history category even if the sentencing court had not included the uncounseled misdemeanor in his criminal history category, this court cannot review Thomas's sentence even to determine jurisdiction without improperly infringing upon the sentencing court's discretion. While a sentencing judge may choose any sentence he or she deems proper within the range, the plain language of § 3742 requires that we review the sentence to ensure that the sentencing judge considered only those factors that neither violate the law nor result in or from a misapplication of the Guidelines. *See* 18 U.S.C. § 3742(a); § 3742(e); *see also United States v. Williams,* — U.S. —, —, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992) ("The development of the guideline sentencing regime has not changed our view that, *except to the extent specifically directed by statute,* 'it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.' ") (emphasis added) (citing *Solem v. Helm,* 463 U.S. 277,

**2.** According to § 3742, a defendant may appeal a sentence only if that sentence:
(1) was imposed in violation of the law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of

imprisonment, probation, or supervised release than the maximum established in the guideline range ...; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
18 U.S.C. § 3742(a).

290 n. 16, 103 S.Ct. 3001, 3009 n. 16, 77 L.Ed.2d 637 (1989)). The fact that this court has no statutory right to know why the sentencing judge sentenced Thomas at a particular point within the applicable guideline range when the range itself spans fewer than twenty-four months, *see* 18 U.S.C. § 3553(c)(1), does not necessarily mean that inclusion of a constitutionally infirm factor did not affect the judge's decision to impose sentence at a particular point within the range.

This court has previously vacated a sentence when the district court improperly considered the defendant's alien status when sentencing him at the top of the applicable guideline range. *United States v. Onwuemene,* 933 F.2d 650 (8th Cir.1991). In *Onwuemene,* because this court "[could not] say that the district court would have imposed the same sentence absent this impermissible consideration," the case was remanded for resentencing. *Id.* at 652. *See also United States v. Gordon,* 974 F.2d 97, 101 (8th Cir. 1992) (appellate court may nevertheless affirm a sentence for which the guidelines were incorrectly applied or which was imposed in violation of the law if "the record indicates that the district court would have imposed the same sentence despite its erroneous view of the law"); *cf. United States v. Odedina,* 980 F.2d 705, 707 (11th Cir.1993) (defendant's failure to inform the probation officer of a prior misdemeanor conviction, although concededly not countable in his criminal history calculation, was "material" to the extent it might have influenced the sentencing court's decision to impose sentence at a particular point within the guideline range); *United States v. Dedeker,* 961 F.2d 164 (11th Cir. 1992) (failure to reveal a past conviction was a "material misrepresentation" if it would tend to influence the determination of an appropriate criminal history category or an appropriate sentence within the guideline range).[3] Once we determine there has been no violation of law, the sentencing court may impose sentence without interference from an appellate court. *See United States v.*

*Gordon,* 974 F.2d 97, 101 (8th Cir.1992) ("[T]he district court [on remand] is free to impose any sentence within the guidelines range it deems appropriate.").

One circuit has expressed concern that the phrase "incorrect application of the Guidelines," if too broadly read, would include challenges to a sentence simply because the defendant considered it "too high" or "too low." *See United States v. Garcia,* 919 F.2d 1478 (10th Cir.1990) (citing *United States v. Colon,* 884 F.2d 1550 (2d Cir.), *cert. denied,* 493 U.S. 998 (1989)). We agree that the phrases "incorrect application of the Guidelines" and "in violation of law" themselves must have limited meaning and not simply include "any arguable claim of error in sentencing." *Colon,* 884 F.2d at 1553. Otherwise, the Congress's attempt to place boundaries on the scope of appellate review by means of § 3742 would be rendered useless. *See id.* Once a sentencing court has before it only lawful factors, however, no sentence within the applicable guideline range can, by the very nature of the discretion still retained by sentencing judges, be an incorrect application of the Guidelines.

Because the Guidelines expressly provide that "[p]rior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed," U.S.S.G. § 4A1.2, comment. (backg'd), Thomas has no grounds to argue that his sentence was imposed as a result of a misapplication of the Guidelines. Whether a guideline was correctly applied, however, says nothing about that guideline's constitutionality. Having determined that we have the authority to review Thomas's claim that his sentence was imposed in violation of the law, we turn to the issue of whether the sentencing court violated Thomas's Sixth Amendment rights when imposing sentence.

### III.

Thomas does not argue that his conviction for the prior misdemeanor was itself consti-

---

3. In addition, to assume that sentencing judges, applying their firsthand knowledge and seasoned experience, would impose the same sentence regardless of how much or what type of informa-

tion they had before them belittles the value of the very discretion to which we are urged to defer.

tutionally invalid. Indeed, that argument has been foreclosed by *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), in which the Supreme Court held that the triggering factor for appointment of counsel for a defendant is imposition of a prison term, not simply whether imprisonment is statutorily authorized for the given offense. No one disputes that Thomas was not imprisoned for the prior uncounseled misdemeanor conviction.

Thomas nevertheless relies on *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam), in which the United States Supreme Court held that an uncounseled misdemeanor conviction for which the defendant was not incarcerated may not be "used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term," *id.* at 222, 100 S.Ct. at 1585, to support his claim. Due to the lack of consensus for a single concurring rationale, however, *Baldasar* has offered little guidance on the issue Thomas raises. *Baldasar*, a per curiam opinion, contained three concurrences and one dissent and resulted in a five-justice agreement in result only. One of the concurrences, written by Justice Marshall and joined by two other justices, suggests that any use of a prior uncounseled misdemeanor to enhance a sentence would be unconstitutional. *See United States v. Eckford*, 910 F.2d 216, 219 (5th Cir.1990). Justice Blackmun's separate concurrence, which provided the fifth vote for the majority, offered a very different rationale. Relying on his dissent in *Scott*, Justice Blackmun considered the prior misdemeanor itself unconstitutional because it was punishable by greater than six months and therefore its later use at a subsequent sentencing was unconstitutional as well. The result has been that "[t]he inconsistency between Justice Blackmun's narrow approach and Justice Marshall's expansive approach has clouded the scope of the *Baldasar* decision." *Eckford*, 910 F.2d at 219.

Nevertheless, the circuits that have addressed the issue have concluded that consideration of a prior uncounseled misdemeanor at the time of a subsequent sentencing is constitutional. *See United States v. Nichols*, 979 F.2d 402 (6th Cir.1992) (uncounseled DUI conviction was constitutionally valid and therefore could be considered to calculate criminal history score); *United States v. Castro–Vega*, 945 F.2d 496, 500 (2d Cir.1991) (appellate court declines to apply *Baldasar* because the uncounseled misdemeanor conviction was used simply "to determine the appropriate criminal history category for a crime that was already a felony"); *Eckford*, 910 F.2d at 220 (holding that *Baldasar* "does not preclude the use of uncounseled misdemeanor convictions during sentencing for a subsequent criminal offense") (footnote omitted); *cf. Black v. State of Fla.*, 935 F.2d 206, 208 (11th Cir.1991) (per curiam) (*Baldasar* does not preclude a state from enhancing a defendant's conviction "based on a prior, uncounseled misdemeanor conviction for which he served no time in prison.").

We agree that a sentencing court may consider prior uncounseled misdemeanor convictions, themselves constitutional, when calculating a sentence without violating the defendant's rights under the Sixth Amendment. We find an important distinction between the factual scenario in *Baldasar* and the case currently before us. In *Baldasar*, use of the uncounseled misdemeanor resulted in the defendant being subjected to a sentence that otherwise would not have been permitted under the law, as his misdemeanor charge of theft would have been turned into a felony offense. In Thomas's situation, on the other hand, inclusion of the prior misdemeanor did not change the nature of the offense or the maximum term of imprisonment allowed by law. *See Castro–Vega*, 945 F.2d at 500 ("In *Baldasar*, the defendant's prior conviction materially altered the substantive offense for which he could be held criminally responsible by converting it from a misdemeanor to a felony with a prison term—an offense that on its own would trigger a right to counsel."); *Nichols*, 979 F.2d at 416 (sentence up to life imprisonment authorized by statute whether the sentencing court considered the prior uncounseled misdemeanor or not) (footnote omitted). Indeed, it did not even change the presumptively correct guideline range of 27–33 months. Under the facts

of this case, we hold that Thomas's sentence is constitutionally valid.[4]

## IV.

We hold that the district court did not violate Thomas's Sixth Amendment rights when it included his uncounseled misdemeanor conviction in his criminal history category. As a result, we have no authority to review Thomas's sentence further. Accordingly, we affirm the judgment of the district court.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent from the judgment of the court.

The government's sole argument in this appeal was that this court did not have jurisdiction to consider it. I disagree. The statute provides an appeal for a sentence imposed "in violation of law," 18 U.S.C. § 3742(a)(1), and the defendant's argument here is that the district court relied on facts in sentencing him that were barred from consideration by the Sixth Amendment of the Constitution. It has to be plain that if the defendant is correct about his Sixth Amendment claim, and if the district judge would have imposed a different sentence absent the unconstitutional matter, then his sentence was imposed "in violation of law."

In my opinion, defendant's Sixth Amendment argument does indeed have merit. *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), held that an uncounseled misdemeanor conviction cannot be used as a basis for a conviction of a felony that carries a prison term. Because the case did not produce an opinion in which a majority of the Court joined, considerable ingenuity has been employed in avoiding what seems to me its manifest purport, namely, that no incremental deprivation of liberty can be predicated on the fact of an uncounseled misdemeanor conviction. *See, e.g., United States v. Nichols,* 979 F.2d 402 (6th Cir.

1992), and *United States v. Castro–Vega,* 945 F.2d 496 (2d Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649 (1993). I agree with Judge Jones, dissenting in *Nichols,* 979 F.2d at 408, that it is impossible to discern any "logical or principled basis upon which to distinguish *Baldasar*" from the present case. It is "a distinction without a constitutional difference" that the increased sentence in *Baldasar* resulted from "an enhanced penalty statute that converted defendant's misdemeanor into a felony, while the instant case arises under the criminal-history provision of the sentencing guidelines." *Id.* In *United States v. Brady,* 928 F.2d 844, 854 (9th Cir.1991), the court agreed, as I do, with Justice Marshall's concurring opinion in *Baldasar* "that an 'uncounseled misdemeanor conviction [may] not be used collaterally to impose an increased term of imprisonment upon a subsequent conviction,'" quoting *Baldasar,* 446 U.S. at 226, 100 S.Ct. at 1587. To the same effect, *see United States v. Williams,* 891 F.2d 212, 214 (9th Cir.1989), *cert. denied,* 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990).

Even if my analysis of the relevant cases is incorrect, the result that the court reaches today is foreclosed by our decision in *United States v. Norquay,* 987 F.2d 475, 482 (8th Cir.1993), which, relying on *Baldasar,* held that "misdemeanor convictions obtained in the absence of counsel for the defendant may not be used ... for enhancing a sentence of imprisonment." The fact that the conviction in issue in *Norquay* was a tribal one is a difference that involves no legal distinction. The court's opinion is therefore directly contrary to a panel decision that is not even two months old.

It is true that we have held that a consideration of an erroneous matter in connection with a sentence is harmless if, as is the case here, the error does not affect the guideline range employed by the sentencing court. *See, e.g., U.S. v. Manuel,* 944 F.2d 414, 417

---

4. The dissent expresses the view that this holding is contrary to a recent opinion by another panel, *United States v. Norquay,* 987 F.2d 475 (8th Cir. 1993). We respectfully disagree. We find *Norquay* distinguishable. The sentence at issue in *Norquay* resulted from an upward departure based on uncounseled trial misdemeanor convic-

tions. As we point out, the use of Thomas's prior uncounseled conviction had no effect on the calculation of the Guideline range within which the district court sentenced him. In addition, we do not read the holding in *Norquay* as broadly nor to be the same as the dissent does.

(8th Cir.1991). But this line of cases can claim no continued validity in light of the Supreme Court's recent decision in *Williams v. United States,* —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). In that case, the Court ruled that if a district court employed both valid and invalid matter in departing from the guidelines, the court of appeals often must remand the case in order to determine whether the district court would have imposed the same sentence absent the offending facts. The opinion contains instructive language relevant to our case. A remand was necessary, the Court said, "unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e., that the error did not affect the district court's selection of the sentence imposed." Id.* at —— – ——, 112 S.Ct. at 1120–21 (emphasis supplied). In my view, *Williams* has therefore undermined our previously announced version of harmless error in sentencing matters.

Because we cannot tell if this sentence was in violation of law unless the district court tells us what it would have done if the uncounseled conviction had not been employed in its calculus, a remand is necessary. *See* 18 U.S.C. § 3742(f)(1).