34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Charles E. BIRRITTIER, also known as Chuck, Appellant.
UNITED STATES of America, Appellee,
v.
Eric S. ROSSI, Appellant.
 No. 94-1121, No. 94-1030.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 7, 1994.
Filed: September 13, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles E. Birrittier and Eric S. Rossi appeal the sentences the district court[1] imposed after they pleaded guilty to drug charges. We affirm.
 
 
 2
 Birrittier and Rossi were members of a heroin drug ring in St. Louis. Birrittier took drug orders and delivered drugs; Rossi was primarily a drug supplier. Birrittier pleaded guilty to conspiring to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Rossi pleaded guilty to distributing fentanyl (a synthetic form of heroin) and to conspiring to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. Secs. 841(a)(1) and 846.
 
 
 3
 Birrittier's criminal history calculation included one criminal history point for an uncounselled misdemeanor-petty larceny-to which he pleaded guilty, and three points for three separate 1988 traffic offenses which had been consolidated for sentencing. At his federal sentencing, the court rejected Birrittier's argument that his 1988 offenses were "related cases" and should be treated as one sentence in his criminal history score. After the government noted that imprisonment was not imposed, the court also rejected Birrittier's argument that his uncounselled misdemeanor conviction should not be counted at all in his criminal history score. The court sentenced him to 105 months imprisonment and four years supervised release.
 
 
 4
 We agree with the district court that Birrittier's arguments lack merit. Guidelines commentary provides that:
 
 
 5
 Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 6
 U.S.S.G. Sec. 4A1.2, comment. (n.3). Birrittier focuses on the consolidation of his 1988 offenses for sentencing, but he overlooks that the offenses were separated by intervening arrests. In addition, a constitutionally valid, uncounselled misdemeanor conviction that did not result in the imposition of a prison term may be used in Guidelines criminal history calculations. Nichols v. United States, 114 S. Ct. 1921, 1928 (1994); United States v. Thomas, 20 F.3d 817, 823-824 (8th Cir. 1994), petition for cert. filed, No. 93-8755 (U.S. Apr. 18, 1994).
 
 
 7
 Rossi stipulated to responsibility for 27 grams of fentanyl, and the presentence report (PSR) indicated a base offense level of 22 based on 27 grams of fentanyl. Rossi, who dealt drugs on the periphery of the larger heroin conspiracy, was not charged with or held responsible for the 360 grams of heroin distributed by that conspiracy. Rossi objected to the PSR, arguing he was entitled to a reduction for his minor- or minimal-participant status. The court rejected this argument at sentencing, and sentenced Rossi to two concurrent terms of 37 months imprisonment and three years supervised release.
 
 
 8
 We review the sentencing court's factual determination of a participant's role for clear error, United States v. Lucht, 18 F.3d 541, 555 (8th Cir. 1994), petition for cert. filed, No. 94-5602 (U.S. July 25, 1994), and we find no such error here. Although Rossi argues he was a minor participant given the conspiracy's scope, his offense level was calculated based only on the 27 grams of fentanyl for which he accepted responsibility, and not on the larger amounts of heroin distributed by the larger conspiracy. He cannot have both the benefit of the smaller amount of drugs in calculating his base offense level and the benefit of the larger conspiracy in determining his role. Id. at 556.
 
 
 9
 Accordingly, the judgments are affirmed.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, sentenced Birrittier. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, sentenced Rossi