**UNITED STATES of America,
Appellee,**

v.

**Ricky DAVIS, Appellant.**

No. 00–3439.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 27, 2001.

Filed: May 31, 2001.

Stephen C. Moss, Kansas City, MO (Raymond C. Conrad, on the brief), for appellant.

Paul S. Becker, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Ricky Davis appeals the sentence of 30 months imprisonment and 3 years supervised release imposed on him by the district court[1] after he pleaded guilty to being a felon in possession of a firearm in November 1999, in violation of 18 U.S.C. § 922(g)(1). On appeal, counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), filing a brief concerning the court's assessment of Mr. Davis's criminal history.

We conclude the district court did not plainly err in assessing 2 of the criminal history points, because Mr. Davis, who pleaded guilty to a state felony offense in June 1999 and received a 2–year sentence in October 1999, committed the instant offense while under a "criminal justice sentence." *See* U.S.S.G. § 4A1.1(d) ("Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.") & comment. (n.4) ("criminal justice sentence" means sentence countable under U.S.S.G. § 4A1.2 having custodial or supervisory component, although active supervision is not required); U.S.S.G. § 4A1.2(a)(1) ("prior sentence" means any sentence previously imposed upon adjudication of guilt—e.g., by guilty plea—for conduct not part of instant offense); *United States v. Montanye*, 996 F.2d 190, 192 (8th Cir.1993) (en banc) (standard of review for issues not raised in district court). We need not

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

address Mr. Davis's remaining argument challenging the assessment of an additional criminal history point under U.S.S.G. § 4A1.1(e), as the omission of such a point would not have affected his criminal history category and, consequently, would not have altered the applicable Guidelines range.

Having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no non-frivolous issues for appeal.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I think that in this case the district court erred in enhancing Mr. Davis's criminal history points under U.S.S.G. § 4A1.1(e), a matter that the court omits to decide because it believes that the error, if any, was harmless. I respectfully disagree with that conclusion. It is true that the enhancement did not result in a change in Mr. Davis's criminal history category, and therefore that the district court's sentence lay within the correct sentencing range. But I suggest that that does not make the error harmless, because the district court might have sentenced Mr. Davis at a different point in the sentencing guidelines range if it had correctly calculated his criminal history points.

We held in *United States v. Thomas,* 20 F.3d 817, 821 (8th Cir.1994) *(en banc) cert. denied,* 513 U.S. 828, 115 S.Ct. 98, 130 L.Ed.2d 47 (1994), that the use of an unlawful consideration in sentencing was a violation of law that required resentencing even though the guideline range remained unaffected by the error. This is exactly what occurred in this case. In *Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), moreover, the Court held that once a court of appeals

decides that a misapplication of the guidelines has occurred, "a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.,* that the error did not affect the district court's selection of the sentence imposed." Since I am not satisfied that the district court would have given Mr. Davis the same sentence had the court not committed a legal error, I would remand for resentencing. *Cf. United States v. Tiger,* 223 F.3d 811, 812–813 (8th Cir.2000).

I therefore respectfully dissent.