# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3439

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　*　District of Missouri.
Ricky Davis,　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　 *

_____

Submitted:　April 27, 2001

Filed:　May 31, 2001

_____

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ricky Davis appeals the sentence of 30 months imprisonment and 3 years supervised release imposed on him by the district court[1] after he pleaded guilty to being a felon in possession of a firearm in November 1999, in violation of 18 U.S.C. § 922(g)(1). On appeal, counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), filing a brief concerning the court's assessment of Mr. Davis's criminal history.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

We conclude the district court did not plainly err in assessing 2 of the criminal history points, because Mr. Davis, who pleaded guilty to a state felony offense in June 1999 and received a 2-year sentence in October 1999, committed the instant offense while under a "criminal justice sentence." See U.S.S.G. § 4A1.1(d) ("Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.") & comment. (n.4) ("criminal justice sentence" means sentence countable under U.S.S.G. § 4A1.2 having custodial or supervisory component, although active supervision is not required); U.S.S.G. § 4A1.2(a)(1) ("prior sentence" means any sentence previously imposed upon adjudication of guilt--e.g., by guilty plea--for conduct not part of instant offense); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review for issues not raised in district court). We need not address Mr. Davis's remaining argument challenging the assessment of an additional criminal history point under U.S.S.G. § 4A1.1(e), as the omission of such a point would not have affected his criminal history category and, consequently, would not have altered the applicable Guidelines range.

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no non-frivolous issues for appeal.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I think that in this case the district court erred in enhancing Mr. Davis's criminal history points under U.S.S.G. § 4A1.1(e), a matter that the court omits to decide because it believes that the error, if any, was harmless. I respectfully disagree with that conclusion. It is true that the enhancement did not result in a change in Mr. Davis's criminal history category, and therefore the district court's sentence lay within the correct sentencing range. But I suggest that that does not make the error harmless,

because the district court might have sentenced Mr. Davis at a different point in the range if it had correctly calculated his criminal history points.

We held in *United States v. Thomas*, 20 F.3d 817, 821 (1994), that the use of an unlawful consideration in sentencing was a violation of law that required resentencing even though the guideline range remained unaffected by the error. This is exactly what occurred in this case. In *Williams v. United States*, 503 U.S. 193, 203 (1992), moreover, the Court held that once a court of appeals decides that a misapplication of the Guidelines has occurred, a remand is "appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." Since I am not satisfied that the district court would have given Mr. Davis the same sentence had the court not committed a legal error, I would remand for resentencing. *Cf. United States v. Tiger*, 223 F.3d 811, 812-13 (2000).

I therefore respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.