# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3267

_____

United States of America,     *
       *
     Appellee,     *
       *    Appeal from the United States
     v.     *    District Court for the
       *    Northern District of Iowa.
Marlin J. Gunderson, also known as     *
Jim Gunderson,     *
       *
     Appellant.     *

_____

Submitted: February 15, 2000

Filed: April 10, 2000

_____

Before RICHARD S. ARNOLD, HEANEY, and LOKEN, Circuit Judges.

_____

HEANEY, Circuit Judge.

Marlin J. Gunderson appeals the sentence imposed by the district court after Gunderson pleaded guilty to bankruptcy fraud, in violation of 18 U.S.C. § 152(a) (1997). We affirm.

## I. BACKGROUND

In September 1995, Gunderson and his wife filed a Chapter 7 bankruptcy petition that failed to disclose certain assets. They were indicted in November 1997, and in January 1999, Gunderson pleaded guilty to one count of bankruptcy fraud.

The presentence report recommended a guidelines imprisonment range of 10-16 months. It also noted that from July 1990 through August 1997 Gunderson had operated the Amazing Grace Ministry Christian Counseling Service. At sentencing, the court indicated that it was inclined to sentence Gunderson at the top of the guidelines range based in part upon the "hypocrisy" reflected by Gunderson's operation of a faith-based counseling service for substance abuse and marital issues at the same time he engaged in bankruptcy fraud.

Gunderson's attorney objected, arguing that a sentence based in part on Gunderson's counseling activities would impermissibly punish him for the exercise of his religious beliefs. After an extended discussion with counsel regarding the boundaries of the court's sentencing discretion, the court concluded that Gunderson "should be punished more harshly because he was engaged in a profession of giving moral advice when he committed the crime," and sentenced him to 16 months imprisonment. (Sent. Tr. at 28.) Gunderson appeals, contending the district court improperly based its sentence on his religious beliefs and practices.

## II. DISCUSSION

The sentencing guidelines direct that a defendant's religion is not relevant to the determination of a sentence. See U.S.S.G. § 5H1.10. Hence, we may review Gunderson's sentence for improper consideration of religion even though his sentence was within the applicable guidelines range. Cf. United States v. Onwuemene, 933 F.2d 650, 651 (8th Cir. 1991).

After carefully examining the sentencing transcript, we are satisfied that the district court's assessment of Gunderson's culpability did not violate § 5H1.10. The court's reliance on Gunderson's practice of giving moral advice indicates that it was concerned that his crime reflected a moral failure, not a spiritual failure. The court neither punished Gunderson for being a pharisee, nor held him to a higher standard based on his professed faith. Instead, Gunderson's sentence properly reflects the inconsistency between his assumption of moral leadership with respect to his clients and his simultaneous commission of bankruptcy fraud. This sort of inquiry into the degree of a defendant's blameworthiness is entirely appropriate to the court's selection of a sentence within the guidelines range.

Accordingly, the judgment is affirmed.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-