# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1193

_____

United States of America,

        Appellee,

v.

William L. Shade,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri
\*
\*     [UNPUBLISHED]
\*

_____

Submitted:  July 19, 2002

Filed:  July 29, 2002

_____

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

William L. Shade appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon his guilty plea to knowingly possessing a firearm that had been transported in interstate commerce after he had been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Shade to 71 months imprisonment and 3 years supervised release. On appeal, counsel has moved to withdraw under Anders v. California, 386 U.S. 738

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

(1967), and has filed a brief arguing, for reversal, that the district court erred in denying Shade's downward-departure motion and in sentencing him at the top of the Guidelines range. Counsel states that Shade believes his harsh sentence was based on his race (African-American). Shade argues additionally in a pro se supplemental brief that the district court failed to properly assess his mental stability at sentencing, violating his due process rights, and that his trial counsel was ineffective. For the reasons discussed below, we affirm the judgment of the district court.

We may review a sentence within the applicable Guidelines range for improper consideration of race. See U.S.S.G. § 5H1.10 (race not relevant to determination of sentence); cf. United States v. Gunderson, 211 F.3d 1088, 1089 (8th Cir. 2000) (reviewing for improper consideration of religion). Shade has made no showing, however, that the district court considered his race in any way in sentencing him (including the district court's denial of his motion for downward departure based on his personal history and alleged diminished capacity). In addition, the district court's comments at sentencing indicate that its denial of the motion for downward departure was a purely discretionary decision, not one based on its belief that it lacked authority to depart downward. Thus, we will not otherwise review the district court's refusal to depart downward. See United States v. Field, 110 F.3d 587, 591-92 (8th Cir. 1997).

Shade's due process argument also fails, because he had the opportunity, with the assistance of counsel, to present evidence at sentencing. See United States v. Payne, 81 F.3d 759, 764 (8th Cir. 1996) (listing due process safeguards required at sentencing). Shade's ineffective-assistance claims are not properly raised on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Finally, following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw and we deny Shade's motion to strike the Anders brief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.