**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
**Plaintiff Below, Respondent**

**vs.)  No. 22-0022** (Braxton County CC-04-2021-F-16)

**Roger Allen Pettry,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Roger Allen Pettry appeals the December 9, 2021, order of the Circuit Court of Braxton County sentencing him to an indeterminate term of incarceration in the penitentiary for one to ten years following his guilty plea to one count of breaking and entering.[1] Petitioner argues that the circuit court's order should be vacated because the circuit court considered impermissible factors in sentencing him. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In June 2021, petitioner was indicted on two counts of breaking and entering two separate structures—an animal hospital and a marina—in Braxton County in September 2020 in violation of West Virginia Code § 61-3-12.[2] Pursuant to a plea agreement with respondent, petitioner entered a guilty plea to the first count, and, in exchange, respondent agreed to stand silent at sentencing and dismiss the second count of the indictment. Upon accepting petitioner's guilty plea, the circuit court entered an order on October 12, 2021, adjudging petitioner guilty of the first count and dismissing the second count.

The circuit court ordered the probation department to prepare a presentence investigation report ("PSI report"), which provided information about petitioner's multiple prior felony offenses and, relevant to this appeal, included his juvenile delinquency history and drug use. It stated, "The [petitioner] reported he was charged with Breaking and Entering in 1994 when he was 15 years

---

[1] Petitioner appears by counsel Kevin W. Hughart. Respondent State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Gail V. Lipscomb.

[2] West Virginia Code § 61-3-12 provides, in relevant part, that upon conviction for breaking and entering the type of structures at issue in this case, a defendant "shall be confined in a state correctional facility not less than one nor more than 10 years."

old. He stated he went to Salem juvenile facility for eight months as a result." The PSI report also stated that petitioner had used marijuana "almost daily" from the time he was thirteen years old until he was incarcerated in 2020 and that petitioner admitted to "experiment[ing] with methamphetamine once or twice around 40 years of age." Petitioner did not ask the probation department to make any corrections to the PSI report.

At his sentencing hearing, petitioner's counsel was questioned by the circuit court as to whether he had any additions, corrections, or modifications to make to the PSI report. Other than requesting that a year included in his criminal history be changed, petitioner's counsel requested no other changes to the PSI report, and he made no objections to any information contained in the report.

Petitioner, through his counsel, asked the circuit court to order alternative sentencing in the form of probation or house arrest. The circuit court denied the request, explaining:

It troubles me that you have a fair amount of criminal history including multiple felony charges and convictions. It appears that you have a propensity to commit offenses of breaking and entering and this is your fifth conviction of breaking and entering since 1994. It appears to the [c]ourt that you have a long-term history with marijuana use from age 13 years until 2020, and you've acknowledged that you've experimented with other drugs . . . .

Based upon the multiple periods of past incarceration for felony convictions, based upon what I believe is a drug addiction problem, based upon your lack of employment history in the matter, I believe that there's a likelihood that you would violate probation or commit another crime if I granted you probation or conditional discharge. I believe you're in need of correctional treatment that can be more effectively served in a correctional institution. Quite frankly, to give you probation or alternative sentencing would severely depreciate the seriousness of the offenses . . . you've committed.

Petitioner made no objections to the circuit court's findings.

By order entered on December 9, 2021, the circuit court sentenced petitioner to one to ten years of incarceration in the penitentiary. Petitioner now appeals the sentencing order to this Court, arguing that his sentence should be set aside.

This Court has held that, if a sentence imposed by a trial court is within statutory limits, the sentence is not subject to appellate review unless it is "based on some impermissible factor." Syl. Pt. 3, in part, *State v. Tyler*, 211 W. Va. 246, 565 S.E.2d 368 (2002) (quoting Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)). We have recognized that "the impermissible factors a court should not consider in sentencing include such matters as 'race, sex, national origin, creed, religion, and socioeconomic status . . . .'" *State v. Moles*, No. 18-0903, 2019 WL 5092415, *2 (W. Va. Oct. 11, 2019) (memorandum decision) (quoting *United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991)). Petitioner does not dispute that his sentence is within statutory limits. Rather, he contends that the circuit court relied on impermissible factors in

imposing his sentence. First, he argues that petitioner's juvenile records were disclosed in the PSI report in violation of West Virginia Code § 49-5-103[3] and that the information from the juvenile records constituted an impermissible factor for the circuit court to consider in sentencing him. Second, he contends that the circuit court erred in finding that he had a substance abuse problem and that the finding was an impermissible factor for the court to consider in sentencing.

Regarding the disclosure of petitioner's juvenile delinquency information, the facts of this case are similar to those in *State v. Bleck*, 243 W. Va. 293, 843 S.E.2d 775 (2020). In *Bleck*, the defendant argued that the circuit court, in deciding whether to grant the defendant probation, erroneously relied on a charge set forth in the PSI report that the defendant alleged should not have been included in the report. *Id*. at 297, 843 S.E.2d at 779. The Court found that the defendant failed to raise the issue before or during the sentencing hearing, that the circuit court gave the defendant the opportunity to object to any inaccuracies in the PSI report during the sentencing hearing, and that the defendant's counsel made "an objection demonstrating that he had reviewed the PSI report prior to the sentencing hearing." *Id.* at 300, 843 S.E.2d at 782. Based on those findings, the Court concluded that the defendant had "knowingly and intelligently made no objection or attempt to inform the circuit court that the . . . charge noted in the PSI report" was improperly included in the report "despite numerous opportunities to do so." *Id.* at 300, 843 S.E.2d at 782. The Court considered Rule 32 of the West Virginia Rules of Criminal Procedure and determined that "the appropriate time to object to any portion of a [PSI] report is prior to the sentencing hearing, or at the very least, for good cause, prior to the imposition of sentence." *Id.* at 298, 843 S.E.2d at 780. The Court went on to hold, "When there has been a knowing and intentional relinquishment or abandonment of a known right, there is no error and the inquiry as to the effect of a deviation from the rule of law need not be determined." *Id.* at 293, 843 S.E.2d at 775, Syl. Pt. 3 (quoting Syl. Pt. 8, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995)). Consequently, in *Bleck*, the Court determined that the defendant had waived the issue concerning the PSI report, and the Court affirmed the circuit court's sentencing order. *See Miller*, 194 W. Va. at 7, 459 S.E.2d at 118, Syl. Pt. 8, in part (holding that waiver is the "knowing and intentional relinquishment or abandonment of a known right").

In the instant matter, petitioner reviewed the PSI report with his counsel prior to the sentencing hearing. Petitioner made no objection to the PSI report before the sentencing hearing. At the sentencing hearing, petitioner requested that a date in the PSI report be corrected; however, he made no challenge to the inclusion of information concerning his juvenile delinquency record.[4]

---

[3] West Virginia Code § 49-5-103 governs the confidentiality and permissible disclosure of juvenile records.

[4] We observe that petitioner's brief does not comply with Rule 10(c)(7) of the Rules of Appellate Procedure, which requires that petitioner's argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Having determined that the issue concerning petitioner's juvenile delinquency information was not presented to the circuit court, petitioner's failure to include citations to the appendix record as to the issue is understandable; however, we find that petitioner's brief contained absolutely *no* citations to the appendix record.

Thus, in accordance with *Bleck*, we must conclude that petitioner waived his argument concerning the content of the PSI report and the circuit court's reliance on that content. Assuming without deciding that petitioner correctly asserts that a deviation from the rule of law is present, the effect of that deviation need not be determined in light of petitioner's waiver. *See Bleck*, 243 W. Va. at 293, 843 S.E.2d at 775, Syl. Pt. 3.

We turn to petitioner's assertion that the circuit court erred in finding that petitioner had a drug addiction problem and in relying on that finding in sentencing petitioner. We have said that "a criminal 'defendant has a due process right to be sentenced on the basis of accurate information.'" *Id.* at 297, 843 S.E.2d at 779 (quoting *Fox v. State*, 176 W. Va. 677, 682, 347 S.E.2d 197, 202 (1986)). However, we have also found that "a criminal defendant may affirmatively waive this right by a failure to object at the time of sentencing." *Id.* at 298, 843 S.E.2d at 780. We find that petitioner did not object to the circuit court's finding that petitioner had a drug addiction problem at any point during the proceedings below. Thus, as with his argument concerning his juvenile delinquency history, his argument that the circuit court erroneously found that he had a drug abuse problem has been waived.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

A party's failure to include appropriate and specific citations to the appendix record in his or her brief severely hinders this Court's review of the appeal. We caution that Rule 10(c)(7) permits the Court to "disregard errors that are not adequately supported by specific references to the record on appeal."