# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 22-776** (Kanawha County 22-F-169 and 22-F-205(I))

**Fred Lindsey Badger,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Fred Lindsey Badger appeals the order of the Circuit Court of Kanawha County, entered on September 22, 2022, sentencing him to a term of imprisonment of one to five years for his conviction of conspiracy to manufacture, deliver, and/or possess with intent to manufacture methamphetamine (W. Va. Code § 60A-4-401).[1] He challenges the sentence he received, and he asserts ineffective assistance of counsel. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. See W. Va. R. App. P. 21.

Mr. Badger pled guilty by way of information in August 2022 to one count of conspiracy to possess with intent to deliver methamphetamine. In exchange for his plea, the State agreed to dismiss an indictment (No. 22-F-169) charging one count of possession with intent to deliver methamphetamine and two counts of possession with intent to deliver fentanyl, and to forego prosecution of an unindicted drug crime described in a criminal complaint. At Mr. Badger's plea hearing, the court conducted the colloquy prescribed by *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), and Mr. Badger, in allocution, stated that he "conspired to sell meth on . . . 6-27-21. . . ." After entering his plea, Mr. Badger filed a motion asking the court to modify his post-conviction bail to a personal recognizance bond with the condition that he enroll in and complete a substance abuse program.

When Mr. Badger appeared for sentencing, his counsel related a long history of drug-related crimes and argued that Mr. Badger would benefit from a rehabilitation program. However, the court informed Mr. Badger that it did not find him to be a suitable candidate for alternative sentencing and sentenced him as described above.

On appeal, Mr. Badger presents four assignments of error: 1) that the circuit court erred in "stating [that he] was not eligible for probation and then sentencing him to prison;" 2) that his counsel was ineffective because counsel failed to advise him that he might receive a penitentiary

---

[1] Mr. Badger appears by counsel Justin M. Collin. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

1

sentence rather than alternative sentencing; 3) that the State "impermissibly" led him to believe that he would receive an alternative sentence; and 4) that the circuit court applied an incorrect docket number to his notice of post-conviction rights, thereby allowing the court to consider "inappropriate facts" in sentencing.

We decline to address Mr. Badger's second assignment of error—that his counsel was ineffective—because, as we have explained, "it is often difficult, if not impossible, for this Court to determine [in a direct appeal] 'whether the attorney's performance below was ineffective or merely the result of trial strategy.'" *State v. Woodson*, 222 W. Va. 607, 621, 671 S.E.2d 438, 452 (2008) (quoting *State v. Bess*, 185 W. Va. 290, 293, 406 S.E.2d 721, 724 (1991)). As a result, "[i]neffective assistance claims raised on direct appeal are presumptively subject to dismissal." *State v. Miller*, 197 W. Va. 588, 611, 476 S.E.2d 535, 558 (1996). Such claims, instead, are more appropriately pursued in a habeas corpus proceeding so that a factual record can be developed. *See Woodson*, 222 W. Va. at 621, 671 S.E.2d at 452.

Mr. Badger's remaining assignments of error implicate his sentencing. Unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

Mr. Badger's brief sets forth assignments of error without elaborating further.[2] The basis on which he argues that he was entitled to probation is, therefore, not clear. Nevertheless, Mr. Badger affirmed in his written guilty plea that he understood that he could be sentenced to serve one to five years in a state correctional facility. Furthermore, the court engaged in a thorough colloquy prior to accepting Mr. Badger's plea. Consequently, we find that neither the court nor the State misrepresented Mr. Badger's potential incarceration, and Mr. Badger's first and third assignments of error wholly lack merit.

In his final assignment of error, Mr. Badger argues without elucidation that the inclusion of an incorrect docket number of his notice of post-conviction rights allowed the court to consider inappropriate facts when sentencing him.[3] Though the notice was initially filed using the number of Mr. Badger's dismissed indictment, a corrected notice was filed on the same date. There is no evidence in the appendix record on appeal that the court abused its discretion when sentencing Mr. Badger.

---

[2] Mr. Badger's counsel assisted him in filing his brief pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.

[3] Mr. Badger argues that the court relied on "inappropriate facts," not impermissible factors. We have recognized that "the impermissible factors a court should not consider in sentencing include such matters as 'race, sex, national origin, creed, religion, and socioeconomic status . . . .'" *State v. Moles*, No. 18-0903, 2019 WL 5092415, *2 (W. Va. Oct. 11, 2019) (memorandum decision) (quoting *United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991)).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn