**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-95** (Morgan County CC-33-2020-F-38)

**Joshua Blair Pugh,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

The petitioner, Joshua Blair Pugh, appeals the Circuit Court of Morgan County's January 18, 2023, sentencing order, entered following his plea of guilty to one count of first-degree sexual assault.[1] The petitioner argues that the circuit court erred in denying his request for home incarceration at sentencing. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner, who was then nineteen years old, was arrested and indicted on one count of first-degree sexual assault in September 2020 after admitting to law enforcement that he put his tongue on his six-year-old niece's vagina. At the request of defense counsel, a forensic psychological evaluation was performed on the petitioner to assess criminal responsibility. The resulting report detailed no history of physical or sexual abuse and indicated the petitioner had been discharged from several juvenile treatment facilities due to his inappropriate behaviors. It also revealed that the petitioner received mental health treatment as a young teenager and was prescribed medications for various psychiatric disorders, but "he reported no discernible benefits" and claimed to have "begun discontinuing all medications with his psychiatrist's approval . . . [without] any detriment to his mental status." Ultimately, the psychological report concluded that, despite his diagnoses, there was no evidence that the petitioner "was experiencing symptoms of a psychiatric disorder that would qualify for a threshold mental illness at the time of the offense," and he "had the capacity to appreciate the wrongfulness of his act and conform his conduct to the requirements of the law at the time of the offense."

---

[1] The petitioner appears by counsel Jason T. Gain. The State appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

On July 29, 2021, the petitioner pled guilty as charged, and sentencing was held in abeyance while he completed sex offender treatment in the youthful offender program. While at Anthony Correctional Center ("Anthony Center"), the petitioner was cited for numerous violations of the facility's rules. Due to the accumulation of violations, the petitioner was returned to the sentencing court. The circuit court allowed the petitioner another opportunity to complete the youthful offender program under the conditions that he stay free of write-ups and participate in all programming. The court also cautioned the petitioner that he was at risk of serving a significant sentence. Upon his return to the facility, the petitioner continued to violate the rules, yet the facility allowed him to stay after he signed a second behavior agreement. The infractions continued, however, and Anthony Center again recommended returning the petitioner to court for sentencing in January 2022.

The circuit court conducted a sentencing hearing on January 5, 2023, at which the petitioner requested home incarceration. The court denied this request, noting that he had been twice returned from the youthful offender program as unfit, his sex offender risk report indicated that he was a risk to society, and his failure to complete the Anthony Center program indicated an inability to follow rules. The circuit court sentenced the petitioner to not less than twenty-five nor more than one hundred years in prison and thirty years of supervised release. He now appeals the circuit court's sentencing order.

The petitioner's sole assignment of error is that the circuit court abused its discretion in denying his request for home incarceration at sentencing. He asserts that, pursuant to *State v. Arbaugh*, 215 W. Va. 132, 595 S.E.2d 289 (2004), his youth and personal history compelled the circuit court to "craft a [sentencing] remedy which will protect the public, especially children, from harm but to also protect young and unfortunate people like [him] who suffer from a myriad of afflictions through no fault of their own." This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 8, in part, *State v. Hoyle*, 242 W. Va. 599, 836 S.E.2d 817 (2019) (quoting Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)). As we have explained, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." *Hoyle*, 242 W. Va. at 604, 836 S.E.2d at 822, Syl. Pt. 9 (quoting Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)).

As stated in *Hoyle*, certain threshold requirements must be met before we will address the merits of a sentencing appeal. The petitioner has not met those requirements: he has not alleged that the circuit court imposed a sentence outside the statutory range established by the Legislature, nor has he alleged he was sentenced in violation of the Constitution. *See State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) ("[T]he impermissible factors a court should not consider in sentencing include such matters as 'race, sex, national origin, creed, religion, and socioeconomic status . . . . Moreover, sentencing an offender on the basis of factors such as race, national origin, or alienage violates the Constitution." (quoting *United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir. 1991))). Notwithstanding these deficits in his pleadings, the petitioner claims a right to relief based on *Arbaugh*. We do not agree.

We find that there are marked differences between the petitioner's case and the facts of *Arbaugh*. Specifically, we note that the petitioner was not a minor when he committed his crime, he was not sexually abused as a child, he received mental health intervention and treatment at a young age, he twice failed to complete youthful offender treatment at the Anthony Center, and he failed to offer a specific plan for alternative sentencing to the court at the sentencing hearing. These distinctions are enough to make *Arbaugh* inapplicable to the petitioner's case. The petitioner's attempt to use *Arbaugh* to carve out special sentencing procedures for young adults is contrary to our pronouncements in *State v. Georgius*, 225 W. Va. 716, 721, 696 S.E.2d 18, 23 (2010), which states:

> This Court's decision in *Arbaugh* did not create any new standards, guidelines, or requirements to be followed by the circuit courts of this State . . . . *Arbaugh* was a per curiam decision decided by this Court upon application of existing precedent and was confined to the very specific facts of that case.

The petitioner's history of behavioral issues in the various juvenile treatment programs, rule infractions, successive failures to complete the youthful offender program, and insight concerning mental health treatment were all facts within the circuit court's purview at the time of sentencing. This information, in conjunction with the circumstances of the offense to which the petitioner pled guilty, was more than sufficient for the circuit court to determine that the petitioner was unable to follow rules and was a risk to society. We find no abuse of discretion in the circuit court's denial of the petitioner's request for home incarceration.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooten
Justice C. Haley Bunn